## No. 2426.

### J. Y. CRISWELL *v.* THE STATE.

THEFT—CHARGE OF THE COURT—CONTINUANCE—NEW TRIAL.—See the opinion in extenso, and the statement of the case for proof developed on a trial for horse-theft, which, raising the defense of mistake of fact on the part of the accused in asserting claim to the animal alleged to have been stolen, demanded of the trial court the submission of that issue to the jury under proper instructions. Note also that, in view of the proof, the trial court having refused the accused a continuance, should have awarded him a new trial.

APPEAL from the District Court of McCulloch. Tried below before the Hon. J. C. Randolph.

The indictment in this case charged the appellant and John Criswell jointly with the theft of a horse, the property of B. F.

Rosser, in McCulloch county, Texas, on or about April 30, 1885. A severance being awarded, the defendant was first placed upon trial, which resulted in his conviction, with a term of five years in the penitentiary assessed against him as a punishment.

B. F. Rosser was the first witness for the State. He testified that he lived in McCulloch county, and had lived there since the fall of 1881. The animal mentioned in the indictment was foaled in the spring of 1881, in Ellis county, Texas, where the witness then lived, was the issue of a mare owned by him, and was his property. Witness moved from Ellis county to Dublin, in Erath county, in the summer of 1881, taking the colt with him. Three months later he moved the animal described, with others, to Cow creek, in McCulloch county, Texas. The witness's son and his son's uncle placed witness's brand on the said animal, that brand being ML connected, under a half circle, on the left shoulder. The animal was an unmarked white mare, and was one year old when she ran on Cow creek. From Cow creek the animal drifted to Deep creek, in McCulloch county, a few miles from Cow creek, and took up and ran with a bunch of D. M. White's horses. Witness being satisfied with that range did not move her. White and others advised witness periodically about the animal. In the year 1884 the witness received information that the brand on his animal had been changed by the addition of a left hand curve to the bottom of the first stroke of the M, making the brand JML connected, with a half circle over it, and that a diagonal bar had been run through the letters, and that the figure 3 had been branded on the animal's left thigh. The 3 brand, curve and diagonal bar were fresh brands in 1884. In April, 1885, the mare was missed from her accustomed range. Witness then searched for the animal and found her at the house of John Criswell, the brother of this defendant, who is jointly indicted with him. The mare was then in John Criswell's yard, within a few feet of his door. Witness recognized her at a distance of one hundred yards. Mr. Pete Rem was with witness. Witness and Rem got off their horses and went to the mare and examined her, though witness knew her at once by her flesh marks, movement, size and shape. She was then branded half circle JML, connected, and barred across on the left shoulder, and the figure 3 and a circle within a circle and under bar on the left thigh, and had been marked with a split in each ear. At this time the bar across the 3, and circle in a circle with under bar brands were fresh. Witness at

once took possession of his mare, took her home, and still has her. No one, so far as witness knows, has ever set up a claim to her since he recovered her. The animal described belonged to the witness, and was taken, without witness's consent, off her accustomed range, about April, 1885. John Criswell's wife and a boy were in the yard when witness took possession of his mare.

D. M. White testified, for the State, that he knew defendant and his brother, John Criswell, in 1884 and 1885. Defendant and John Criswell were partners and owned horse stock in the circle within a circle with under bar brand—the left thigh being the branding place. Defendant lived within two miles of witness, but his brother John lived several miles distant. Prior to and during 1884, and in the spring of 1885, a bunch of horses belonging to witness ran on Deep creek, in McCulloch county. During the spring of the last mentioned year, a gray mare branded ML connected, under a half circle, belonging to B. F. Rosser, ran with the witness's said bunch of horses on Deep creek. She was then between three and four years old. During the winter of 1884, the witness noticed that somebody had mutilated Rosser's brand on that mare by running a bar through it, and by adding a left hand curve to the first stroke of the M, and had fresh branded the figure three on the left thigh. Witness saw that mare on the range every day or two until about April, 1885. Some time after these changes had been made in the brand, the witness and defendant, in hunting horses together, came across this mare with some of witness's horses, and witness asked defendant if he knew who owned that mare. He replied that he did, and asked witness to permit her to run with his horses. After that, whenever defendant met witness he would ask about that gray mare, and always claimed her as his property. Defendant and his brother John claimed the figure 3 and the two circle brand. Witness missed the said mare from the range about April 10, 1886.

Rufus Jones testified, for the State, that in April, 1885, he met John Criswell in the road about two miles from and going towards his place. He was riding a gray mare about four years old, branded JML connected, under a half circle with a bar through it, on the left shoulder, and the figure 3 on the left thigh. Defendant and John Criswell were brothers and were partners in the stock business, and claimed the two circle horse brand.

Peter Rem testified, for the State, that in April, 1885, he went

with Mr. Rosser to hunt his certain gray mare. They found her in the yard at the residence of John Criswell. She was then marked and branded in the manner stated by the witness Rosser. Witness and Rosser took the mare from John Criswell's yard, Mrs. John Criswell and a boy being present.

C. M. Rosser, the son of the prosecuting witness, testified, for the State, that he knew the animal described in the indictment, and, with the assistance of his uncle, he placed her in his father's brand when she was a colt. He saw her often when she ran on her range on Cow creek, and afterwards when she ran on the range on Deep creek. When he branded her, the witness remarked that, making a poor job of it, by making the brand wider than it ought to be, he would always know that mare. Witness also knew her by her flesh marks, and recognized her at once when she was brought home from John Criswell's by his father and Mr. Rem, although her brands had been changed in the manner stated by them, and her ears had been split.

The State rested.

Jake Lindley, the defendant's first witness, testified that he knew the two Criswells and D. M. White. He knew the stock and the brands of the Criswells when their stock ran on Deep creek, where D. M. White's stock ran. Witness lived on that range, and hunted it for stock during 1884 and 1885, and during that time he often saw two different white or gray mares branded with the figure 3 on the left thigh. Witness thought that each of those mares had other old brands on them, but could not be certain of more than that the 3 on each was the holding brand. Witness several times saw those two mares on the range, and once together with White's horses. The two animals were near but not quite of the same size. Hull was with witness once when he saw the two animals. Defendant told witness that the 3 brand on the left thigh was his, and that he claimed stock in that brand.

James Price testified, for the defense, that in 1884 and 1885 he lived in McCulloch county, about six miles distant from D. M. White's place, and during those years he hunted stock on the Deep creek range. On several different occasions during those years he saw two different gray mares on that range, both of which were branded 3 on the left thigh. They were not exactly alike, one being a lighter gray, and very near white, and the other very near an iron gray, with brown legs, mane and tail. Defendant and R. C. Russell both claimed the 3 on the left thigh

brand. R. C. Russell moved to New Mexico in the spring of 1884, and, so far as witness knows, still lives there.

The defendant's motion for continuance set up that defendant expected to prove by one Bobo, if awarded a continuance to produce him, that one R. C. Russell claimed the mare alleged to be stolen; that said mare was branded with the brand commonly known as R. C. Russell's brand; that for two years before her alleged theft the said mare ran with the said Russell's horses, and that, prior to the alleged theft, the said Russell, in the presence of the said Bobo, sold the said mare to John Criswell, the defendant's brother and partner. By the absent witness Cochran, the defendant expected to prove that he, Cochran, heard R. C. Russell claim the mare involved in this prosecution, and offer to sell her to John Criswell.

*Burleson & Harris*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. Appellant and his brother, John Criswell, were jointly indicted for the theft of a mare, the property of one Rosser. They severed at the trial, and this appellant was put first upon trial and was convicted. The inculpatory evidence against this defendant was that he and his brother John were partners in the stock business, and owned a joint brand, which brand was placed by some one upon the animal in question, and at the same time the brand of Rosser, which was upon her, was defaced and altered; that the mare ranged with the stock of one White, who lived within two miles of appellant, that appellant and his brother John frequently hunted stock in said range, and that, after the mare was put into their brand as above stated, this appellant claimed the mare as his and frequently asked White how she was doing. This change of the brands was made in the fall of 1884, and the animal was taken from her range and recovered by Rosser from the possession of John Criswell, appellant's co-defendant, in May, 1885. No explanation as to the character of their claim to and possession of the animal was made by either of the defendants. There does not, however, appear to have been any attempt on the part of either, and especially this appellant, to conceal the fact that he or they did claim the animal.

Before announcing ready for trial, the appellant made a

motion for a continuance, which was overruled, the purpose of which was to prove by the absent witness that one Russell owned and claimed the mare, and had sold her to the co-defendant John Criswell.

On his trial this appellant proved by two witnesses that there were in fact two gray mares, resembling each other and branded in the same "holding" brand, running on the same range together, near White's, and that this "holding" brand was this appellant's and Russell's.

Evidently the defense, so far as this appellant was concerned, was, that the mare was taken by mistake; that when defendant told White the mare was his and asked White to look after her, he, appellant, was alluding to and speaking of the Russell and not the Rosser mare, and that in truth and in fact he had never intended to assert a claim of ownership in but the Russell mare. His defense being a mistake of fact, the court should have submitted that issue to the jury by proper instructions, which was not done. In support of his defense, when the evidence which he adduced at the trial was again considered in connection with his application for a continuance on the motion for a new trial, we think it apparent that the court should have granted the latter motion.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*